No. 14-2081

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

## JANEENE JENSEN-GRAF
v.
## CHESAPEAKE EMPLOYERS INS. CO.

## APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

## BRIEF OF APPELLANT JANEENE JENSEN-GRAF

Morris E. Fischer, Esq.
Morris E. Fischer, LLC
1400 Spring Street
Suite 350
Silver Spring, MD, 20910
(301) 328-7631 phone
Counsel for Janeene Jensen-Graf

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case.  In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form.  Counsel has a continuing duty to update this information.

No. _____     Caption: _____

Pursuant to FRAP 26.1 and Local Rule 26.1,

_____

(name of party/amicus)

_____

 who is _____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)


1.      Is party/amicus a publicly held corporation or other publicly held entity?     YES     NO


2.      Does party/amicus have any parent corporations?                     YES     NO
        If yes, identify all parent corporations, including grandparent and great-grandparent corporations:




3.      Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?                     YES     NO
        If yes, identify all such owners:

4.      Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?      YES      NO
If yes, identify entity and nature of interest:

5.      Is party a trade association? (amici curiae do not complete this question)      YES      NO
If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.      Does this case arise out of a bankruptcy proceeding?      YES      NO
If yes, identify any trustee and the members of any creditors' committee:

Signature: _____          Date: _____

Counsel for: _____

## CERTIFICATE OF SERVICE
**************************

I certify that on _____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

_____                    _____
        (signature)                                                (date)

# **Table of Contents**

STATEMENT OF APPELLATE JURISDICTION ................................................1

STATEMENT OF ISSUES PRESENTED FOR REVIEW ................................1

STATEMENT OF THE CASE ..........................................................................2

    I.   Background ................................................................................2

    II.  Gender Discrimination ............................................................2

    III.   Retaliation ...............................................................................3

    IV.   The Court ratifies Chesapeake's Discrimination & Retaliation ...................4

SUMMARY OF ARGUMENT ..........................................................................6

ARGUMENT ....................................................................................................7

    Applicable Standard of Review ................................................................7

    Gender Discrimination Claim ...................................................................8

      I.   Ms. Jensen-Graf Suffered an Adverse Action ..........................9

      II.  Similarl Situated Male Employees Received More Favorable Treatment ..11

    Retaliation Claim ...................................................................................13

CONCLUSION ...............................................................................................15

REQUESTS FOR ORAL ARGUMENT ........................................................16

CERTIFICATE OF COMPLIANCE ..............................................................16

CERTIFICATE OF SERVICE .......................................................................17

# Table of Authorities

## Cases

Baird v. Rose, 192 F.3d  462, 467 (4th Cir. 1999) ....................................8

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) ......................7

Boone v. Goldin, 178 F.3d 253, 256 (4th Cir.1999)....................................9

Buchhagen v. ICF Int'l. Inc., No. 13-1303 (4th Cir. 2013) at *5 ............11

Burlington Northern & Santa Fe Railway, Co. v. White, 548 U.S. 53 (2006). 12, 13

Coleman v. Md. Ct. of Apps., 626 F.3d 187, 190 (4th Cir.2010)..............7

Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999) ..........7

Enoch v. Becton, Dickinson & Co. Civ. Action No. 11-3551 (D. Md., 2012) ........9

Erickson v. Pardus, 551 U.S. 89, 94, (2007)............................................6

Herrnreiter v. Chi. Hous. Auth., 315 F.3d 742, 744–45 (7th Cir.2002) ...................9

Holland v. Washington Homes, Inc. .................................................9, 13

Mylan Lab., Inc. v. Matkari, 7 F.3d 1130, 1134 n.4  (4th Cir. 1993)........8

Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir.2009) ...............................................................................7

Republican Party of North Carolina v. Martin, 980 F.2d 943 (4th Cir. 1992) ..........7

Sucampo Pharm., Inc. v. Astellas Pharma, Inc., 471 F.3d 544, 550 (4th Cir.2006) .6

W.R. Cooper Gen. Contractor, Inc. v. United States, 843 F.2d 1362, 1364 (Fed.Cir.1988)....................................................................................7

## Statutes

 42 U .S.C. § 2000e–3(a)........................................................................12

28 U.S.C. § 1291 ...................................................................................1

28 U.S.C. § 1331 ...................................................................................1

42 U.S.C. § 2000e–2(a)(1).................................................................8, 13

Gerner v. Cnty. Of Chersterfield, Va., 674 F.3d 264, 266 (4th Cir. 2012) ..............8

Hoyle v. Freightliner, LLC, 650 F.3d 321, 337 (4th Cir. 2011) ...............9

White v. BFI Waste Servs., LLC, 375 F.3d 288, 295 (4th Cir.2004).......8

## STATEMENT OF APPELLATE JURISDICTION

Ms. Janeene Jensen-Graf sued her employer, Chesapeake Employers' Insurance Company for gender discrimination and retaliation when she was treated differently than other male employees. The U.S. District Court of Maryland had jurisdiction under 28 U.S.C. § 1331. Before discovery, Chesapeake filed a Motion to Dismiss or, alternatively, for summary judgment. The Court granted Chesapeake's motion to dismiss via a memorandum opinion on September 9, 2014. A notice of appeal from the District Court's order was filed on October 8, 2014. This Court has jurisdiction over the appeal from the District Court's final order pursuant to 28 U.S.C. § 1291.

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

1. Drawing all reasonable inferences in Ms. Jensen-Graf's favor, did the District Court err in finding that Ms. Jensen-Graf did not state sufficient facts in her complaint that she suffered an adverse action or that she was treated differently that similarly situated male employees?

2. Despite Ms. Jensen-Graf's several complaints of gender discrimination, was the Court correct in finding that Chesapeake's denial of Ms. Jensen-Graf's requests to take professional development classes not materially adverse?

1

## STATEMENT OF THE CASE

### I.    Background

In June 2004, Janeene Jensen-Graf ("Ms. Jensen-Graf" or "Appellant") began employment with Chesapeake Employers' Insurance Company (formerly Injured Workers Insurance Fund) ("Chesapeake" or "Appellee") as a claims adjustor for workers' compensation claims.  Appx at 5.  In January 2007, Ms. Jensen-Graf changed positions within the company and became a Loss Control Consultant.  Id.  As a Loss Control Consultant, Ms. Jensen-Graf's duties include advising companies on compliance issues to reduce workers' compensation and employee safety problems, providing training, and making hazard assessments. Id.

### II.    Gender Discrimination

In June 2009, Chesapeake began treating Ms. Jensen-Graf differently than male employees.  Id. at 6.  For example, Chesapeake told Ms. Jensen-Graf that she was required to come into the office if she did not complete two company visits within one day but did not create the same requirement for any of her male coworkers.  Id.  Chesapeake's requirement caused Ms. Jensen-Graf to suffer personal commuting expenses.  Id.  Furthermore, on October 29, 2009, Chesapeake placed Ms. Jensen-Graf on a performance improvement plan (PIP) despite her

performance meeting expectations.  Id.  This PIP alleged that Ms. Jensen-Graf was not meeting expectations because she did not have enough meetings with companies per month.  Id.  However, Ms. Jensen-Graf did not have enough meetings because Chesapeake was giving all of the clients to her male coworkers. Id.  In addition, the PIP required her to have twenty onsite visits per month and attain forty "activity points"[1] from those meetings.  Id.  Chesapeake did not require any of Ms. Jensen-Graf's male coworkers to have twenty onsite visits per month. Id. Chesapeake also did not require Ms. Jensen-Graf's male coworkers to attain forty "activity points" from those visits.  Id. Moreover, the PIP claimed that Ms. Jensen-Graf's job orders were overdue.  Id. However, the job orders were overdue before they were given to Ms. Jensen-Graf.  Id. at 7.  Finally, the PIP asserted that Ms. Jensen-Graf would not receive a credit if a company cancels a meeting.  Id. That opposed Chesapeake's policy with male employees who still earned credits even if the companies canceled their meetings.  Id.

## III.   **Retaliation**

The PIP required that Ms. Jensen-Graf to attend bi-weekly meetings to discuss her performance.  Id. At these bi-weekly meetings, Ms. Jensen-Graf

---

[1] Plaintiff would receive "activity points" when she would make a hazard assessment or provide training.  See Appx. at 5.

3

complained about Chesapeake's discriminatory treatment of her compared to her male coworkers. Id. On December 22, 2010, Ms. Jensen-Graf filed an EEOC charge against Chesapeake alleging discrimination based on sex and Chesapeake received notice of the charge the same day. Id. On December 21, 2011, Ms. Jensen-Graf requested a three-day review course and exam as preparation for a job related designation. Id. However, Chesapeake informed Ms. Jensen-Graf that because she could not participate in classes for professional development. Id. Therefore, on February 15, 2012, Ms. Jensen-Graf amended her charge of discrimination to include retaliation. Ms. Jensen-Graf received a Notice of Right to Sue from the EEOC on January 28, 2014. Id.

## IV.    The Court ratifies Chesapeake's Discrimination & Retaliation

On September 9, 2014[2], the District Court concluded that Ms. Jensen-Graf did not set forth a plausible claim that she was discriminated against because of her gender or retaliated against in violation of Title VII. Appx. at 106. Concerning the gender discrimination claim, the District Court found that Ms. Jensen-Graf did not sufficiently allege that she suffered an adverse action and that similarly situated male employees received more favorable treatment. Id. at 107.

---

[2] The district court's opinion was dated September 9, 2013 but was actually filed September 9, 2014.

4

Here, Jensen-Graf fails to allege a decrease in compensation, job title, benefits, level of responsibility, or opportunity for promotion – "the typical requirements for a showing of an adverse employment action that can support a Title VII claim." Id. at 255 (internal quotation marks omitted). Thus, the Court cannot draw the reasonable inference that she suffered an adverse employment action.

Further, even if Jensen-Graf could show the assignment of additional responsibilities had some significant detrimental effect on her career, she fails to allege that similarly situated employees outside the protected class received more favorable treatment. She alleges, as a result of being placed on a PIP, she was required to come into the office if she had less than two onsite visits scheduled, conduct twenty onsite visits per month, attain an average of forty "activity points," attend bi-weekly meetings; and Chesapeake imposed upon her a lack of credit if a client cancels a meeting. She further alleges none of these requirements was placed upon her male counterparts. She fails to allege, however, that any of her male counterparts were similarly operating under a PIP. Thus, the Court cannot draw the reasonable inference that similarly situated male employees received more favorable treatment. Accordingly, Jensen-Graf has failed to allege sufficient facts to support her discrimination claim as a matter of law. Appx. at 107.

The District Court also concluded that Ms. Jensen-Graf failed to state a claim for relief could be granted concerning Chesapeake's retaliatory actions. Appx. at 108.

Jensen-Graf fails to allege that the professional development course would contribute significantly to her professional advancement or that nonparticipation would otherwise tangibly affect the terms and conditions of her employment. Thus, the Court cannot draw the reasonable inference that she suffered a materially adverse employment action. Accordingly, Jensen-Graf has failed to allege sufficient facts to support her retaliation claim as a matter of law. Appx. at 108.

# SUMMARY OF ARGUMENT

Against the backdrop of these facts and the natural inferences that could be drawn therefrom, the District Court's informal opinion was clearly incorrect. The District Court's decision took an unrealistic and unsupported view of the facts, misconstrued what constitutes adverse action, and ignored a clear pathway shown from her protected conduct to her denial of training classes.

Ms. Jensen-Graf placement on the performance improvement plan caused her work assignments to change.  These new work assignments decreased her opportunity to perform her job well and ultimately advance in her position.  In addition, the placement on the PIP and the reassignment of duties were different from other male employees in the same position, including those on the PIP. Furthermore, the facts and natural inferences therefrom demonstrate that Chesapeake denied Ms. Jensen-Graf the chance to take a professional development course because of her previous complains about gender discrimination. These professional development courses would have improved Ms. Jensen-Graf's opportunity for a promotion or increase in pay.  There is little doubt that a casual connected existed between Ms. Jensen-Graf's complaints about discrimination and the denial of training classes.

# ARGUMENT

## Applicable Standard of Review

This Court reviews the district court's grant of a 12(b)(6) motion to dismiss de novo. <u>Sucampo Pharm., Inc. v. Astellas Pharma, Inc.</u>, 471 F.3d 544, 550 (4th Cir.2006). When ruling on a Rule 12(b)(6) motion to dismiss, "a judge must accept as true all of the factual allegations contained in the complaint." <u>Erickson v. Pardus</u>, 551 U.S. 89, 94, (2007). To survive the motion, a complaint must contain sufficient facts to state a claim that is "plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). Nevertheless, a complaint "need only give the Chesapeake fair notice of what the claim is and the grounds upon which it rests." <u>Coleman v. Md. Ct. of Apps.</u>, 626 F.3d 187, 190 (4th Cir.2010). Further, "like the district court, [this court] draws all reasonable inferences in favor of the Ms. Jensen-Graf." <u>Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.</u>, 591 F.3d 250, 253 (4th Cir.2009). Moreover, "when as here a [motion to dismiss] is testing the sufficiency of a civil rights complaint, [the Court] must be especially solicitous of the wrongs alleged and must not dismiss the complaint unless it appears to a certainty that the Ms. Jensen-Graf would not be entitled to relief under any legal theory…" <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 244 (4th Cir. 1999). The Court should be extra cautious to determine "whether the allegations constitute a

7

short and plain statement of the claim showing that the pleader is entitled to relief."
Republican Party of North Carolina v. Martin, 980 F.2d 943 (4th Cir. 1992). If the
undisputed facts reveal any possible basis on which Ms. Jensen-Graf might prevail,
the court must deny the motion. See W.R. Cooper Gen. Contractor, Inc. v. United
States, 843 F.2d 1362, 1364 (Fed.Cir.1988).

On appeal from an order granting a Rule 12(b)(6) motion to dismiss, this
court accepts as true the facts as alleged in the complaint, views them in the light
most favorable to the Ms. Jensen-Graf, and recognizes that dismissal is
inappropriate "unless it appears to a certainty that the Ms. Jensen-Graf would be
entitled to no relief under any state of facts which could be proved in support of his
claim." Baird v. Rose, 192 F.3d 462, 467 (4th Cir. 1999) (quoting Mylan Lab.,
Inc. v. Matkari, 7 F.3d 1130, 1134 n.4 (4th Cir. 1993).

## Gender Discrimination Claim

Title VII prohibits an employer from "discriminat[ing] against any
individual with respect to [her] compensation, terms, conditions, or privileges of
employment, because of such individual's ... sex." 42 U.S.C. § 2000e–2(a)(1). To
establish a prima facie case of gender discrimination, a Ms. Jensen-Graf must
show: "(1) membership in a protected class; (2) satisfactory job performance; (3)

adverse employment action ...; and (4) that similarly-situated employees outside the protected class received more favorable treatment." Gerner v. Cnty. Of Chersterfield, Va., 674 F.3d 264, 266 (4th Cir. 2012) (quoting White v. BFI Waste Servs., LLC, 375 F.3d 288, 295 (4th Cir.2004)).  Without opining on the first two elements, the district court decided that Ms. Jensen-Graf could not state a claim that she suffered an adverse action or that similarly situated employees male employees received treatment that was more favorable.

## I.    Ms. Jensen-Graf Suffered an Adverse Action.

The District Court failed to draw reasonable inferences in Ms. Jensen Graf's favor, as it was required to do; in finding, she did not suffer an adverse action.  Ms. Jensen-Graf, stated sufficient facts in her complaint that her change in change in job assignments could infer an adverse action.

It is well established that, "an adverse action is one that 'constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.'" Hoyle v. Freightliner, LLC, 650 F.3d 321, 337 (4th Cir. 2011); Holland v. Washington Homes, Inc., 487 F.3d 208, 219 (4th Cir. 2007). "Conduct short of ultimate employment decisions' can constitute adverse employment action." Id. at 865. Hence, whether it is a reassignment, degradation of duties, meetings designed to exclude Ms. Jensen-Graf or embarrassing emails,

9

the test is whether a particular action affected the terms, conditions or benefits of Ms. Jensen-Graf's position.  This Circuit has long established that a reassignment form the basis of a valid Title VII claim if the Ms. Jensen-Graf can show that the reassignment had some significant detrimental effect." Boone v. Goldin, 178 F.3d 253, 256 (4th Cir.1999). Moreover, changes in job duties that cause an employee's skills to atrophy and reduce future career prospects are also adverse employment actions. Herrnreiter v. Chi. Hous. Auth., 315 F.3d 742, 744–45 (7th Cir.2002).

In  Enoch v. Becton, Dickinson & Co. Civ. Action No. 11-3551 (D. Md., 2012), the Court denied the Defendant's summary judgment motion and explained, "placement on the improvement plan may be "actionable" if "the employer subsequently use[d] the evaluation as a basis to detrimentally alter the terms or conditions of the recipient's employment." Here, Ms. Jensen-Graf's placement on a PIP ultimately led to a reassignment of job duties, which altered the terms of her employment.   Specifically, Chesapeake gave Ms. Jensen-Graf fewer responsibilities, which led to her placement on a Performance Improvement Plan. Chesapeake then required Ms. Jensen-Graf to have twenty onsite visits per month, which caused her an increase in personal commuting expenses. Ms. Jensen-Graf's complaint was only required to give an inference that she suffered an adverse action.  Here, her complaint clearly gives the inference that the: 1) PIP (requiring twenty company meetings and forty activity points per month); 2) giving more

10

clients to male employees; and 3) giving Ms. Jensen-Graf overdue job orders prevented Ms. Jensen-Graf's ability to be promoted within the company and her overall career track, including but not limited to receiving bonuses, bonus structure, raises.

## II. Similarly, Situated Male Employees Received More Favorable Treatment.

Moreover, Ms. Jensen-Graf's complaint plainly demonstrated that male employees were treated more favorably. For example, Chesapeake required Ms. Jensen-Graf, unlike the male employees, to come into the office if she did not complete two company visits within one day. In addition, Chesapeake gave Ms. Jensen-Graf a PIP, which required Ms. Jensen-Graf to have twenty onsite visits per month and attain forty "activity points" from those meetings. Chesapeake did not require any of Ms. Jensen-Graf's male coworkers to have twenty onsite visits per month. Chesapeake also did not require Ms. Jensen-Graf's male coworkers to attain forty "activity points" from those visits. Moreover, Chesapeake did not give Ms. Jensen-Graf enough clients to schedule the meetings but gave all of the clients to Ms. Jensen-Graf's male coworkers. Chesapeake gave job orders that were overdue to Ms. Jensen-Graf. In addition, the PIP asserted that Ms. Jensen-Graf would not receive a credit if a company cancels a meeting on Ms. Jensen-Graf.

11

That opposed Chesapeake's policy with male employees who still earn credits even if the company cancels their meetings.

In Buchhagen v. ICF Int'l. Inc., No. 13-1303 (4th Cir. 2013) at *5, this Court reversed the District Court's dismissal of the appellant's age discrimination claim. In Buchhagen, the appellant's complaint alleged that her supervisor mentored younger employees and sent them to management training courses but declined to do so for the plaintiff. Moreover, the plaintiff alleged in her complaint that the supervisor played favorites with younger employees, that responsibilities were shifted from her to younger employees, and that she was put on a performance improvement plan, but younger employees making similar mistakes were not put on such plans. Id. The Fourth Circuit found that these facts, if proven, could state a claim of age discrimination that is plausible, not merely speculative.[3] Id. at 5.

Similarly, Ms. Jensen-Graf alleged in her complaint that she was treated differently than male employees when she was required to come into the office if she has less than two onsite visits scheduled, conduct twenty onsite visits per month, attain an average of forty "activity points," attend bi-weekly meetings; and

_____

[3] This Court found that the reversal of the District Court's motion to dismiss was warranted even though there were allegations in Buchhagen's complaint that cut against her claim to relief. Buchhagen, No. 11-3551 at *5.

12

Chesapeake imposed upon her a lack of credit if a client cancels a meeting. If these facts are proven, it will certainly prove gender discrimination.

## Retaliation Claim

Title VII prohibits retaliation against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge ... in an investigation, proceeding, or hearing under this subchapter." 42 U .S.C. § 2000e–3(a). The U.S. Supreme Court declared in Burlington Northern & Santa Fe Railway, Co. v. White, 548 U.S. 53 (2006), that Title VII "provide[s] broader protection for victims of retaliation than for those whom Title VII primarily seeks to protect, namely, victims of race-based, ethnic based, religion-based, or gender-based discrimination." Id. at 66. The substantive discrimination provision of Title VII makes it unlawful to discriminate "with respect" to an individual's "terms, conditions, or privileges of employment." 42 U.S.C. § 2000e-2(a). The retaliation provision, however, contains no such restrictive language. The retaliation provision does not qualify on the phrase "to discriminate," and has therefore been construed to prohibit any discrimination that is reasonably likely to deter protected activity. Thus, under the anti-retaliation provision, the employer's challenged action must merely be materially adverse. Material adversity is distinct from a trivial harm to the extent that it would

dissuade a reasonable employee from complaining to the EEOC, the courts, or her employer of discrimination. <u>Burlington</u>, 548, U.S. at 68.   It is not necessary that the harm result from an ultimate employment decision with regard to hiring, granting, or denying leave, discharging, promotion, or compensation.   The employer's retaliatory action need not effect a change in the terms of employment because an anti-retaliation provision limited to formal employment actions would not achieve the provision's purpose of deterring the "many forms that effective retaliation can take." <u>Id.</u> at 64.

To state a claim for retaliation, Ms. Jensen-Graf must allege that she engaged in a protected activity; 2) Chesapeake acted adversely against her; and 3) the protected activity was causally connected to the adverse action.  <u>See</u> <u>Holland v. Washington Homes, Inc.</u> 487 F.3d 208, 218 (4th Cir. 2007).  The District Court stated that it "cannot draw the reasonable inference that she suffered a materially adverse employment action."

Respectfully, the District Court was incorrect, Chesapeake's denial of Ms. Jensen-Graf taking professional development classes constituted an adverse employment action. The mere allegation that Chesapeake denied her a chance to take the professional development class infers that career advancement was effected or in the alternative, was a tool to dissuade Ms. Jensen-Graf of complaining about her disparate treatment. In particular, Ms. Jensen-Graf raised

14

concerns regarding Chesapeake's discriminatory treatment of her compared to her male coworkers.  In addition, On December 22, 2010, Ms. Jensen-Graf filed an EEOC charge against Chesapeake alleging discrimination based on sex and Chesapeake received notice of the charge the same day.  Ms. Jensen-Graf then requested a three-day review course and exam as preparation for a job related designation. Yet, Chesapeake denied Ms. Jensen-Graf the opportunity to take classes.  Chesapeake made this decision to prevent Ms. Jensen-Graf from further complaining about her treatment.  Chesapeake hoped this decision would have a dissuasive effect on any further discrimination allegations.  Thus, it can clearly be implied Chesapeake's actions were in retaliation of Ms. Jensen-Graf opposing Chesapeake's discriminatory practices.

## CONCLUSION

Accepting as true all of the factual allegations contained in Ms. Jensen-Graf's complaint there is little doubt that she suffered an adverse action when her duties were changed and that Chesapeake took retaliatory action against her.  The District Court's conclusion that Ms. Jensen-Graf's complaint failed to state sufficient facts to state a claim that is plausible on its face is against the weight of evidence and the legal authorities.

15

The Motion to Dismiss or, Alternatively, for Summary Judgment in favor of Chesapeake was incorrect as a matter of law and must be reversed.

## REQUESTS FOR ORAL ARGUMENT

Appellant makes this Request for Oral Argument before this Honorable court at its discretion.

/s/ Morris E. Fischer,
Morris E. Fischer, Esq.
Morris E. Fischer, LLC
1400 Spring Street
Suite 350
Silver Spring, MD, 20910
(301) 328-7631 phone
Counsel for Appellant, Janeene
Jensen-Graf

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with FRAP 32(a)(7)(B) because it contains only 3853 words as determined by the Word processing software used to prepare this brief exempting by FRAP 32(a)(7)(B)(iii).

/s/ Morris E. Fischer,
Morris E. Fischer, Esq.

16

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 27th day of January, 2015 a copy of the foregoing Appellant's Brief was served electronically as a result of the electronic filing of the document on the following: Jefferson L. Blomquist, Funk & Bolton, P.A., 36 S. Charles Street, 12th Floor, Baltimore, Maryland 21201 jblomquist@fblaw.com.

/s/ Morris E. Fischer,
Morris E. Fischer, Esq.